"White, J.
The judgment of the court of common pleas is sought to be supported on the ground that the award of the township trustees was not merely voidable but absolutely void. We cannot assent to this proposition. There was no statute incapacitating Selph from acting in the matter. The objection related to the regularity of the action of the trustees, which objection it was competent for the parties to waive if they saw proper to do so. Had the objection been seasonably made, it may be that Selph would not have acted, and that the services of the other trustee would have been obtained, against whom the objection might not exist. In the Inhabitants of Ipswich v. County Commissioners (10 Pick. 519), it was held that “ if a party to the proceedings of county commissioners in laying out a highway, has notice that one of them is not disinterested, but takes no exception to such commissioner’s acting, until after the highway is established, he will be deemed to have waived any exception on that account.”
It was said in the opinion by Shaw, C. J., that, “ By consenting to proceed with full knowledge of the ground of exception, the exception was'waived.”
And in Wakefield v. Railway Co. (6 B. & S. *794, 802), Cockburn, C. J., in speaking to this point, said : “Nothing is better settled than this, that a party aware of the objection of interest cannot take the chance of a decision in his favor and *426 afterwards raise the objection.” See, also, Kellogg v. Brown, 32 Conn. 106 and note; Matter of Hilltown Road, 18 Pa. St. 233; Road in Allen Township, Id. 463.
We do not mean it to be implied that such an objection, if not waived, would be available in cases where a competent number of trustees cannot be had free from the objection, and the function to be performed by the trustees can be exercised by no other body. But where a competent body can be had, not subject to the objection, such body ought to be obtained when the objection is made.
Judgments reversed, demurrer to the reply over-, ruled, and cause remanded.